J. M. READ, GDN. *v.* DANIEL CASSIDY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—305.]

**Pendente Lite Purchaser.**
Where one has purchased land of another and paid for it before a suit is begun to subject it to sale to pay the grantor's debts, he is not a pendente lite purchaser, even if the conveyance is not made until after the deed is made.

APPEAL FROM METCALFE CIRCUIT COURT.

October 1, 1885.

OPINION BY JUDGE HOLT:

This action was brought on May 15, 1877, by the appellant, James M. Read, as guardian, against his ward, Daniel Cassidy, to subject the latter's land, as he owned no personalty, to the payment of an alleged sum owing to the guardian for his services and money paid out in the way of taxes, fee bills and other necessary ways for his ward. The latter was yet under age when the suit was brought, and when the only summons which was ever executed upon him was served. In an amended petition filed after he became of age, and upon which he was proceeded against as a nonresident, it was alleged that he had fraudulently conveyed the land to the appellee, Shofner, who as a garnishee was made a defendant, and that the latter was yet owing as much as $200 upon the purchase. No attachment had ever issued before, and none was ever levied upon the land. It was served upon the appellee on September 20, 1877. By his answer he put in issue the allegations of the appellant's pleadings, and asserted that he had in good faith bought and paid for the land before he was made a defendant in the action, and in fact before the action was brought; and that the land had been conveyed to him by Cassidy on August 8, 1877.

It is shown by parol evidence beyond question that appellant was

properly appointed guardian in 1870, but the clerk failed to enter any order as to it. We are satisfied that he proceeded, however, to act as such bona fide, relying, as he had a right to do, upon the supposition that the clerk and court would properly perform their duty. A certified copy of his bond as guardian, then executed and attested by the clerk, is filed in this action, and it recites that he had been appointed and qualified. So in our opinion he had the right to bring this action. He had, however, never made any settlement in the county court, showing the credits to which he was entitled, nor had it ever made him any allowance for his services. The allegations of his pleadings under Civ. Code, sec. 126, could not be taken pro confesso against Cassidy, as he was an infant when the summons was served upon him; and the court below would not have been warranted in rendering a judgment for the whole of the plaintiff's claim, because the only testimony as to it is that of the appellee, who says that he had either paid it or obligated himself to do so. Until in fact paid by him the lower court would not have been authorized to render a judgment for it, that is, not for the unpaid portion of it.

But waiving the unsatisfactory character of the evidence upon this point, the question arises whether the appellant was entitled to subject the land to his claim or to a judgment for any sum against Shofner. The latter is uncontradicted in the statement that, as early as the spring of 1875, the land was about to be sold for taxes; that Cassidy, in company with the sheriff, applied to him to purchase it at the tax sale, with the offer that when Cassidy became of age he would sell it to him for $600. The appellee assented to it, and bought the land at the sale. He is to some extent confirmed in this statement by the testimony of one witness, who says that in the spring of 1875, the appellee allowed accounts made at the witness' store for Cassidy's benefit to be charged to him; and the evidence tends to show that from that time on, until the deed was made to him, appellee was in one way or another paying for the land. In May, 1877, the appellant informed the appellee of his claim against Cassidy, and asked him to retain enough of the purchase-money to pay it. The appellee then told him that Cassidy had agreed with him to convey the land to him in August, 1877; that he had promised Cassidy to then pay him the balance of the purchase-money; and that if he (the appellant) desired to save himself he must either get an order on the appellee from Cassidy, or attach the money in his

hands. The appellant never did so; and never had any process served on the appellee until September 20, 1877. The latter testifies that on August 8, 1877, he settled with Cassidy, paid him the balance he was owing him, and he then conveyed the land to him.

In view of the testimony as to the purchase of the appellee, he can not be looked upon as a pendente lite purchaser, because the land was not conveyed to him until after the appellant had brought this action, to which the appellee was not made a party until after the deed had been made to him.

It is true that the appellee is contradicted in some of his statements made upon his cross-examination as to various alleged payments made upon the price of the land. He says that he paid Joseph Attsheler $90 for Cassidy. This was not, however, sufficiently contradicted by the evidence of Attsheler, who simply testifies that the appellee paid the firm but $40 for Cassidy. The appellee also testified that he paid one James Mitchell $100 for Cassidy, and that he thought this occurred in 1876, while Mitchell, whose deposition was taken on December 7, 1880, and about a year after the appellee had testified, says that the payment was made only about a month before giving his deposition; but as he says that the payment was made upon an old note of Cassidy's, upon which the appellee was security, the contradiction is immaterial, and it is to be presumed that the appellee regarded his becoming such surety as equivalent to paying the debt. The only material contradiction of the appellee as to the payments made by him is found in the testimony of W. C. Thompson. The appellee says that he paid him $75 for Cassidy, while Mitchell says that he did not do so. It was incumbent, however, upon the appellant to show that the appellee was in debt to Cassidy; and the appellee is sustained in his testimony by the settlement made on August 8, 1877, and the admission in the deed of the payment in full of the $600 of purchase-money.

Judgment *affirmed*.

*Jno. W. Compton,* for appellant.

*Boles & McQuown & Price,* for appellee.